Kelsey Heilman, OSB No.140348
kheilman@oregonlawcenter.org
OREGON LAW CENTER
522 SW Fifth Ave, Suite 812
Portland, OR  97204
(503) 473-8324

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JEREMY CHASE,<br><br>               Plaintiff,<br><br>    v.<br><br>BETSY DEVOS, in her capacity as Secretary of the U.S. Department of Education,<br><br>             Defendant. | Case No.  3:20-cv-01005<br><br>**COMPLAINT**<br><br>**Civil Rights Action (Fifth Amendment to U.S. Constitution – Due Process); Administrative Procedure Act**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jeremy Chase files this complaint against the Secretary of the U.S. Department of Education. Plaintiff alleges as follows:

## I.      INTRODUCTION

1.     Plaintiff Jeremy Chase's federal student loans were discharged in June 2014 on the basis of disability, under the U.S. Department of Education's Total and Permanent Disability Discharge Program, 20 U.S.C. § 2087.

2.      In December 2019, the Department reinstated Plaintiff's loans. According to the Department, Plaintiff's loans were reinstated because Plaintiff had taken out a new federal Perkins loan at Portland State University during the disability discharge monitoring period, rendering him ineligible for the discharge.

3.      Plaintiff did not take out any new student loans during the monitoring period—he was not a student at Portland State University (or anywhere else) during that period of time. The Department based its reinstatement decision on incorrect information in the National Student Loan Database.

4.      Portland State University wrote directly to the Department's Debt Management division and confirmed that Plaintiff did not take out a student loan during the monitoring period. Four months after receiving this information, despite multiple written and oral requests from Plaintiff, the Department has not corrected the error and Plaintiff's loans remain reinstated.

5.      The Department's failure to correct its error and grant Plaintiff the discharge to which he is statutorily entitled is arbitrary and capricious agency action under the Administrative Procedure Act, is unlawfully withheld or unreasonably delayed agency action under the Administrative Procedure Act, and violates Plaintiff's right to due process under the Fifth Amendment to the U.S. Constitution.

6.      The Department should be required to immediately correct the information in the National Student Loan Database and discharge Plaintiff's federal student loans.

## II.      JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action because a United States agency is a party to the action and pursuant to 28 U.S.C § 1331, because Plaintiff's claims arise under the

Fifth Amendment and the Administrative Procedure Act.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in the District.

### III.      PARTIES

9.      Plaintiff Jeremy Chase is a resident of Vancouver, Washington.

10.     Defendant Betsy DeVos is the Secretary for the U.S. Department of Education, the agency responsible for administering the federal student financial aid program, including the Total and Permanent Disability Discharge program.

### IV.      FACTUAL ALLEGATIONS

11.     Plaintiff Jeremy Chase enlisted in the United States Air Force in 2001, when he was 19 years old. He planned to serve his country for four years and then go to college, using funding from the GI Bill.

12.     In 2002, after just eighteen months of service, Plaintiff disclosed that he is gay to the on-base therapist. He was promptly evicted from base and subsequently discharged from the military solely because of his sexual orientation, under the "Don't Ask, Don't Tell" policy.

13.     The sudden discharge left Plaintiff adrift, alone, and angry. Uninsured and ineligible for Veteran's Administration benefits because he did not have the required twenty-four months of service, he struggled for years with untreated depression and anxiety.

14.     Plaintiff enrolled at Portland State University in 2006. He took out federal student loans to fund his education. Due to his mental health conditions, he did not complete his degree.

15.     Plaintiff had no steady source of income for several years. At times, he was homeless.

16.     In 2009, the Social Security Administration found Plaintiff disabled and he began to receive Social Security Disability Insurance payments. In 2011, in connection with this SSDI, he qualified for Medicare and finally had access to mental health treatment.

17.     Plaintiff now receives $839 per month in SSDI, his sole source of income. He lives with his partner in Vancouver, Washington. Although unable to sustain full-time work, he volunteers his time registering people to vote and is engaged in politics and community activism.

18.     The Total and Permanent Disability ("TPD") Discharge program gives certain borrowers with disabilities a statutory right to discharge of their federal student loans. 20 U.S.C. § 1087(a)(1); 34 C.F.R. § 685.213(a)(1).

19.     After a borrower qualifies for TPD Discharge, he enters a three-year monitoring period during which the loans may be reinstated if, among other reasons, he earns income in excess of the federal poverty level for a household of two or takes out a new federal Direct or Perkins loan. 34 C.F.R. § 685.213(a)(7)(i)(A), (B).

20.     Plaintiff initially qualified for discharge on the basis of his disability on June 16, 2014.

21.     Within two years, the Department reinstated Plaintiff's loans because he allegedly earned disqualifying levels of income during the monitoring period.

22.     In fact, Plaintiff has not earned income in excess of the poverty threshold for a household of two in any year since he was approved for discharge.

23.     In 2019, the Department began collecting Plaintiff's student loan debt through the Treasury Offset Program, pursuant to which the Treasury Department offset (reduced) his monthly Social Security benefits to $750 per month and gave the difference to the Department.

24.     When Plaintiff contacted the Department to try to stop the offset, the Department discovered it had erroneously reinstated his loans. The Department informed Plaintiff in August 2019 that his loans had been discharged and that he had successfully completed the three-year monitoring period in June 2017. The Department also refunded all amounts offset from Plaintiff's Social Security checks.

25.     Plaintiff was thrilled. He and his partner had long dreamed they might stop renting and purchase a small home. The discharge of $70,000 in debt meant that they might qualify for a VA mortgage loan.

26.     The reprieve was short-lived. In January 2020, Plaintiff received a letter from the Department informing him that his loans had once again been reinstated, effective December 5, 2019—this time, because he allegedly had taken out a federal Perkins loan in 2015, during the three-year monitoring period.

27.     Plaintiff received no advance notice that his loans would be reinstated and had no opportunity to contest the reinstatement prior to its effective date.

28.     Plaintiff followed the instructions in the letter informing him that his loans had been reinstated and contacted Nelnet, the Department's Total and Permanent Disability servicer. Nelnet informed Plaintiff that, because the reinstatement was based on dates in the National Student Loan Database, there was nothing they could do. Nelnet suggested that Plaintiff contact Portland State University to ask them to correct any errors in the loan dates.

29.     Plaintiff contacted Portland State University, which in turn contacted its Perkins loan servicer, ECSI. Portland State University told Plaintiff that its records showed he had not taken out a Perkins loan in 2015. However, the school could not correct the dates in the National

Student Loan Database because the loan had been assigned to the Department in 2015, after Plaintiff was first approved for TPD discharge.

30.    Portland State University then wrote directly to the Department's Debt Management division. In a letter dated February 25, 2020, Portland State University explained that: (1) Plaintiff only ever received one Perkins loan while enrolled there, during the 2006-2007 school year; (2) ECSI had assigned that loan to the Department on October 21, 2015, in connection with Plaintiff's TPD Discharge approval; and (3) the loan was coded with the correct dates at the time of that assignment.

31.    Plaintiff followed up by letter to Nelnet on February 26, 2020, providing them a copy of Portland State University's letter.

32.    Nelnet informed Plaintiff by phone that, despite the evidence he had provided, it could not discharge his loans until the loan dates are corrected in the National Student Loan Database.

33.    Plaintiff cannot correct the loan dates in the National Student Loan Database. Portland State University cannot correct the loan dates in the National Student Loan Database. Only the Department, which holds the loan, can make that correction.

34.    On May 6, 2020, Plaintiff wrote to Debt Management providing it another copy of the Portland State University letter and asking for the loan dates to be corrected so his loans could be discharged.

35.    On May 27, 2020, Debt Management responded to Plaintiff's May 6 letter. The response is a form communication that does not respond to any of the requests for action in Plaintiff's letter.

36.      For four months, the Department has had clear evidence that it erroneously
reinstated Plaintiff's loans. Despite this fact, the Department has not corrected the dates,
reinstated the discharge, or even contacted Plaintiff to tell him that is reviewing the
documentation he has submitted.

37.      Plaintiff and his partner have had to put their plans to purchase a home on hold,
because Plaintiff's student loan debt prevents them from qualifying for a mortgage loan.

38.      Through its persistent mishandling of Plaintiff's TPD discharge application, the
Department has subjected Plaintiff to severe stress and emotional harm, exacerbating his
disabling conditions of anxiety and depression, and pushed him further into poverty.

## V. FIRST CLAIM FOR RELIEF

### (Administrative Procedure Act – 5 U.S.C. § 706)

39.      Plaintiffs incorporate the allegations above as if fully set forth herein.

40.      The Department's reinstatement of Plaintiff's loans based on information it now
knows to be incorrect is arbitrary and capricious agency action that must be set aside.

41.      The Department's failure to promptly discharge Plaintiff's loans after receiving
clear evidence of agency error is agency action unlawfully withheld or unreasonably delayed.
The Department should be compelled to immediately discharge Plaintiff's loans.

## VI.      SECOND CLAIM FOR RELIEF

### Fifth Amendment to the U.S. Constitution (Procedural Due Process –

### Failure to Provide Notice and Pre- or Post-Deprivation Hearing)

42.      Plaintiffs incorporate the allegations above as if fully set forth herein.

43.      TPD Discharge, a statutory entitlement, is a property right subject to due process

protection.

44.    Defendant failed to provide Plaintiff the required pre-deprivation notice that his

loans would be reinstated.

45.    Defendant failed to provide Plaintiff with a meaningful opportunity to be heard,

either before or after the deprivation, regarding the reinstatement of his student loans.

46.    Defendant's failure to provide notice and a hearing deprived Plaintiff of property

without due process, in violation of the Fifth Amendment to the U.S. Constitution.

## VII.    DEMAND FOR JURY TRIAL

47.    Plaintiff hereby demands a trial by jury.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

(a) A declaration that Defendant's reinstatement of Plaintiff's student loans was arbitrary

and capricious; that Defendant has unlawfully withheld or unreasonably delayed agency action in

failing to discharge Plaintiff's student loans upon receipt of evidence that the reinstatement was

based on incorrect information; and that Defendant violated Plaintiff's right to due process under

the Fifth Amendment;

(b) An order and judgment setting aside Defendant's reinstatement of Plaintiff's student

loans and requiring Defendant to correct the dates of Plaintiff's student loans in the National

Student Loan Database and discharge Plaintiff's federal student loans on the grounds of disability;

(c) An award of reasonable attorney fees pursuant to 28 U.S.C. § 2412(d)(1)(A) and 42

U.S.C. § 1988, and costs and disbursements incurred herein; and

(d) Such other and further legal and equitable relief as this Court deems just and proper.

DATED this 23rd day of June 2020.


OREGON LAW CENTER


/s/ Kelsey Heilman
Kelsey Heilman, OSB No. 140348
kheilman@oregonlawcenter.org
522 SW Fifth Ave., Suite 812
Portland, OR 97204
(503) 473-8324

Of Attorneys for Plaintiffs